1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                   EASTERN DISTRICT OF CALIFORNIA

8

9  KEVIN R. VAN HORN,            )    1:09-cv-1040 OWW GSA
                                 )
10              Plaintiff,       )    SCHEDULING CONFERENCE ORDER
                                 )
11      v.                       )    Discovery Cut-Off: 6/1/10
                                 )
12  THE GLIDDEN COMPANY, a Delaware )  Non-Dispositive Motion
    corporation,                 )    Filing Deadline: 6/15/10
13                               )
                Defendant.       )    Dispositive Motion Filing
14                               )    Deadline: 7/1/10
    _____ )
15                                    Settlement Conference Date:
                                      6/17/10 10:00 Ctrm. 10
16
                                      Pre-Trial Conference Date:
17                                    8/30/10 11:00 Ctrm. 3

18                                    Trial Date: 9/28/10 9:00
                                      Ctrm. 3 (JT-10 days)
19

20

21  I.   Date of Scheduling Conference.

22       October 7, 2009.

23  II.  Appearances Of Counsel.

24       William J. Smith, Esq., appeared on behalf of Plaintiff.

25       Seyfarth Shaw LLP by Laura J. Maechtlen, Esq., appeared on

26  behalf of Defendant.

27  III.  Summary of Pleadings.

28       1.   The Complaint alleges that Plaintiff was performing his

                                1

1  job duties satisfactorily until January 23, 2007 when his
2  physician placed him on medical leave from work due to severe
3  neck and back pain caused by degenerative disc disease and
4  fibromyalgia.  Plaintiff was allegedly authorized to return to
5  work on March 1, 2007, with work restrictions consisting of light
6  duty with no lifting over 25 pounds for one month.  Plaintiff
7  alleges that Defendant refused to accommodate Plaintiff's work
8  restrictions which caused Plaintiff's physician to place him on
9  another leave of absence.  Thereafter, Plaintiff alleges he
10 submitted the required medical information to support his
11 continued leave of absence and request for disability benefits to
12 Gates McDonald Time Off Planning Service ("TOPS"), Defendant's
13 third-party administrator.  TOPS initially granted Plaintiff's
14 request for medical leave and short term disability benefits.
15 However, in June 2007, TOPS requested additional medical
16 information and subsequently denied Plaintiff's ongoing claim for
17 disability benefits and leave because Plaintiff failed to provide
18 sufficient supporting medical documentation.  Plaintiff alleges
19 he did provide the documentation.  On or about September 11,
20 2007, Defendant notified Plaintiff that he was terminated because
21 he failed to contact Defendant regarding his absence from work.
22 Plaintiff alleges he did contact Defendant while off from work.

23      2.   Plaintiff alleges causes of action for (1) failure to
24 prevent discrimination and discrimination based on medical
25 condition, disability or perceived disability in violation of
26 Cal. Gov. Code § 12900; (2) failure to accommodate disability in
27 violation of Cal. Gov't Code § 12940; (3) failure to engage in a
28 timely, good faith, interactive process to determine effective

**2**

1 reasonable accommodation in violation of Cal. Gov. Code § 12940;

2 (4) retaliation for taking medical leave in violation of Cal.

3 Gov. Code § 12945.2 and 2 C.C.R. § 7297.7; (5) violation of

4 medical leave laws; (6) failure to pay final wages in violation

5 of Cal. Labor Code § 201.

6    3.    Defendant denies Plaintiff's allegations.  Even if

7 Plaintiff suffered from a "disability" as defined by California

8 law, Defendant offered Plaintiff reasonable accommodation

9 including, but not limited to, a temporary leave of absence.

10 Plaintiff thereafter failed to respond to multiple requests for

11 additional information to support his ongoing absence, and failed

12 to contact TOPS, his manager, Human Resources or anyone else in

13 the company to advise of his status or intent to return to work.

14 Defendant discharged Plaintiff for non-discriminatory and

15 legitimate business reasons and paid his wages in a timely

16 manner.

17 IV.  Orders Re Amendments To Pleadings.

18    1.    The parties do not presently contemplate amendments to

19 the pleadings.  The Doe Defendants are hereby ORDERED DISMISSED

20 WITHOUT PREJUDICE.

21 V.   Factual Summary.

22    A.   Admitted Facts Which Are Deemed Proven Without Further

23 Proceedings.

24       1.    Plaintiff is a citizen of the United States and

25 was employed in the Eastern District of California.

26       2.    Plaintiff's employer was the Glidden Company doing

27 business as ICI Paints, until September 11, 2007.

28       3.    The Glidden Company is a corporation formed and

1   existing under the laws of the State of Delaware and doing

2   business within the Eastern District of California at all times

3   alleged.

4        4.   Plaintiff was granted a leave of absence by the

5   employer that commenced March, 2007.

6        B.   Contested Facts.

7        <u>Plaintiff's</u>:

8        1.   Whether Defendant regarded Plaintiff as an

9   employee with a serious medical condition that prevented him from

10  working.

11       2.   Whether Defendant's beliefs about Plaintiff's

12  medical condition were a motivating reason for the adverse action

13  and/or adverse treatment.

14       3.   Whether Defendant had knowledge of Plaintiff's

15  serious medical condition and failed to engage in the interactive

16  process to determine what reasonable accommodation could be made.

17       4.   Whether Defendant engaged in the interactive

18  process in good faith.

19       5.   Whether the accommodations for Plaintiff would

20  have been significantly difficult or expensive to make.

21       6.   Whether Plaintiff's taking medical leave or

22  exercising his right to request an accommodation were motivating

23  reasons for the adverse action or adverse treatment.

24       7.   Whether Defendant took all reasonable steps

25  necessary to prevent discrimination.

26       8.   Whether Defendant unreasonably denied Plaintiff's

27  request to return to work following medical leave.

28       9.   Whether Defendant failed to pay Plaintiff all

                                4

1  wages owed to him.

2         **Defendant's**:

3         1.    Whether Van Horn suffered from a disability and/or
4  medical condition as defined by the California Government Code.

5         2.    Whether Van Horn adequately informed Defendant of
6  his need for a reasonable accommodation, including related
7  relevant information, including but not limited to his functional
8  limitations, etc.

9         3.    Whether Van Horn transmitted all information,
10 documents or authorizations requested by TOPS during his leave of
11 absence.

12        4.    Whether Defendant provided Van Horn with a
13 reasonable accommodation.

14        5.    Whether Defendant engaged in the interactive
15 process as required by the California Government Code.

16        6.    Whether Van Horn's alleged request for
17 accommodation was "reasonable."

18        7.    Whether Van Horn could perform the essential
19 functions of his job, with or without a reasonable accommodation.

20        8.    If the requested reasonable accommodation was an
21 undue hardship.

22        9.    Whether Van Horn failed to perform his essential
23 job functions.

24        10.   Whether Plaintiff's alleged medical condition
25 and/or disability was a factor in any of Defendant's purportedly
26 adverse employment decisions regarding Plaintiff.

27        11.   Whether Defendant's purportedly adverse employment
28 decision regarding Plaintiff was/were retaliatory.

                                   5

1      12.    Whether Defendant's alleged adverse employment

2  actions against Plaintiff were taken for legitimate non-

3  retaliatory business reasons.

4      13.    Whether Defendant allowed Van Horn to return from

5  a medical leave of absence in accordance with the California

6  Government Code.

7      14.    What damages, if any, did Plaintiff suffer as a

8  result of Defendant's alleged conduct.

9      15.    Whether Plaintiff mitigated his alleged damages.

10      16.    Whether Plaintiff has satisfied the statutory and

11  administrative prerequisites to filing suit, in a timely manner.

12      17.    Whether Plaintiff was timely paid all final wages

13  owed.

14      18.    Whether Defendant failed to timely pay all final

15  wages owed to Van Horn, and whether that act was "willful."

16      19.    Whether Plaintiff engaged in good faith in the

17  interactive process or thwarted the process by failing to

18  cooperate/communicate.

19  VI.   Legal Issues.

20      A.    Uncontested.

21          1.    Jurisdiction exists under 28 U.S.C. § 1332.

22          2.    Venue is proper under 28 U.S.C. § 1391.

23          3.    The parties agree that the substantive law of the

24  State of California provides the rule of decision in this

25  diversity action.

26      B.    Contested.

27          1.    All remaining legal issues are contested.

28  ///

1   VII. Consent to Magistrate Judge Jurisdiction.

2          1.    The parties have not consented to transfer the

3   case to the Magistrate Judge for all purposes, including trial.

4   VIII.      Corporate Identification Statement.

5          1.    Any nongovernmental corporate party to any action in

6   this court shall file a statement identifying all its parent

7   corporations and listing any entity that owns 10% or more of the

8   party's equity securities.  A party shall file the statement with

9   its initial pleading filed in this court and shall supplement the

10  statement within a reasonable time of any change in the

11  information.

12  IX.  Discovery Plan and Cut-Off Date.

13         Defendant agrees to the following discovery plan:

14         A.    Non-Expert Discovery

15         1.    Defendant will take Plaintiff's deposition, and

16  will serve document requests and interrogatories on Plaintiff.

17  Defendant requests ten (10) hours for Plaintiff's deposition

18  (excluding breaks).  Plaintiff disagrees.  The parties will

19  attempt to resolve this difference by agreement, which Defendant

20  feels is warranted given Plaintiff's causes of action and damages

21  claims.  Defendant may depose other witnesses identified through

22  discovery, and may issue records subpoenas to third parties.

23  Defendant also may propound requests for admissions, and any

24  necessary follow up discovery.  Defendant also anticipates that

25  an independent medical examination may be necessary.

26         2.    Plaintiff's intended non-expert discovery includes

27  deposing the managers involved in the handling of his requests

28  for medical leave and the decision to terminate his employment.

                                 7

1        3.    Plaintiff requests 100 additional special

2  interrogatories in order to obtain the background information, -

3  but Defendants do not agree 100 special interrogatories will be

4  necessary.  The parties will endeavor to resolve this difference

5  by agreement - about electronically stored information,

6  Defendant's workplace policies, and how those policies were

7  applied to him.

8        4.    The parties do not propose any limitation on the

9  number of discovery requests or the duration of discovery, other

10  than what the federal and local rules already provide.

11        5.    The parties do not propose any limitation on the

12  subject matter of discovery, other than what the federal and

13  local rules already provide.

14     B.    <u>Expert Discovery</u>.

15        1.    Defendant does not currently know if experts will

16  be necessary.  If they are, the areas of likely testimony are

17  related to economics, Plaintiff's alleged disability, and

18  emotional distress damages.  Defendant plans to take depositions

19  of all disclosed experts.

20        2.    Plaintiff will hire an expert in the areas of

21  economics and human resources.

22     C.    <u>Deadlines for Completion of Discovery</u>.

23        1.    The parties are ordered to complete all discovery

24  on or before June 1, 2010.

25        2.    The parties are directed to disclose all expert

26  witnesses, in writing, on or before April 1, 2010.  Any rebuttal

27  or supplemental expert disclosures will be made on or before May

28  30, 2010.  The parties will comply with the provisions of Federal

1  Rule of Civil Procedure 26(a)(2) regarding their expert

2  designations.  Local Rule 16-240(a) notwithstanding, the written

3  designation of experts shall be made pursuant to F. R. Civ. P.

4  Rule 26(a)(2), (A) and (B) and shall include all information

5  required thereunder.  Failure to designate experts in compliance

6  with this order may result in the Court excluding the testimony

7  or other evidence offered through such experts that are not

8  disclosed pursuant to this order.

9       3.    The provisions of F. R. Civ. P. 26(b)(4) shall

10 apply to all discovery relating to experts and their opinions.

11 Experts may be fully prepared to be examined on all subjects and

12 opinions included in the designation.  Failure to comply will

13 result in the imposition of sanctions.

14 X.    Pre-Trial Motion Schedule.

15      1.    All Non-Dispositive Pre-Trial Motions, including any

16 discovery motions, will be filed on or before June 15, 2010, and

17 heard on July 16, 2010, at 9:00 a.m. before Magistrate Judge Gary

18 S. Austin in Courtroom 10.

19      2.    In scheduling such motions, the Magistrate

20 Judge may grant applications for an order shortening time

21 pursuant to Local Rule 142(d).  However, if counsel does not

22 obtain an order shortening time, the notice of motion must comply

23 with Local Rule 251.

24      3.    All Dispositive Pre-Trial Motions are to be

25 filed no later than July 1, 2010, and will be heard on August 2,

26 2010, at 10:00 a.m. before the Honorable Oliver W. Wanger, United

27 States District Judge, in Courtroom 3, 7th Floor.  In scheduling

28 such motions, counsel shall comply with Local Rule 230.

XI.   Pre-Trial Conference Date.

      1.   August 30, 2010, at 11:00 a.m. in Courtroom 3, 7th
Floor, before the Honorable Oliver W. Wanger, United States
District Judge.

      2.   The parties are ordered to file a Joint Pre-
Trial Statement pursuant to Local Rule 281(a)(2).

      3.   Counsel's attention is directed to Rules 281
and 282 of the Local Rules of Practice for the Eastern District
of California, as to the obligations of counsel in preparing for
the pre-trial conference.  The Court will insist upon strict
compliance with those rules.

XII. Motions - Hard Copy.

      1.   The parties shall submit one (1) courtesy paper copy to
the Court of any motions filed that exceed ten pages and any
motions that have exhibits attached.  Exhibits shall be marked
with protruding numbered or lettered tabs so that the Court can
easily identify such exhibits.

XIII.  Trial Date.

      1.   September 28, 2010, at the hour of 9:00 a.m. in
Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger,
United States District Judge.

      2.   This is a jury trial.

      3.   Counsels' Estimate Of Trial Time:

            a.   10 days.

      4.   Counsels' attention is directed to Local Rules
of Practice for the Eastern District of California, Rule 285.

XIV. Settlement Conference.

      1.   A Settlement Conference is scheduled for June 17, 2010,

1   at 10:00 a.m. in Courtroom 10 before the Honorable Gary S.
2   Austin, United States Magistrate Judge.

3        2.   Unless otherwise permitted in advance by the
4   Court, the attorneys who will try the case shall appear at the
5   Settlement Conference with the parties and the person or persons
6   having full authority to negotiate and settle the case on any
7   terms at the conference.

8        3.   Permission for a party [not attorney] to attend
9   by telephone may be granted upon request, by letter, with a copy
10  to the other parties, if the party [not attorney] lives and works
11  outside the Eastern District of California, and attendance in
12  person would constitute a hardship.   If telephone attendance is
13  allowed, the party must be immediately available throughout the
14  conference until excused regardless of time zone differences.
15  Any other special arrangements desired in cases where settlement
16  authority rests with a governing body, shall also be proposed in
17  advance by letter copied to all other parties.

18       4.   Confidential Settlement Conference Statement.
19  At least five (5) days prior to the Settlement Conference the
20  parties shall submit, directly to the Magistrate Judge's
21  chambers, a confidential settlement conference statement.   The
22  statement should not be filed with the Clerk of the Court nor
23  served on any other party.   Each statement shall be clearly
24  marked "confidential" with the date and time of the Settlement
25  Conference indicated prominently thereon.   Counsel are urged to
26  request the return of their statements if settlement is not
27  achieved and if such a request is not made the Court will dispose
28  of the statement.

1    5.    The Confidential Settlement Conference
2  Statement shall include the following:
3          a.    A brief statement of the facts of the
4  case.
5          b.    A brief statement of the claims and
6  defenses, i.e., statutory or other grounds upon which the claims
7  are founded; a forthright evaluation of the parties' likelihood
8  of prevailing on the claims and defenses; and a description of
9  the major issues in dispute.
10          c.    A summary of the proceedings to date.
11          d.    An estimate of the cost and time to be
12  expended for further discovery, pre-trial and trial.
13          e.    The relief sought.
14          f.    The parties' position on settlement,
15  including present demands and offers and a history of past
16  settlement discussions, offers and demands.
17  XV.   Request For Bifurcation, Appointment Of Special Master,
18  Or Other Techniques To Shorten Trial.
19    1.    None.
20  XVI. Related Matters Pending.
21    1.    There are no related matters.
22  XVII.    Compliance With Federal Procedure.
23    1.    The Court requires compliance with the Federal
24  Rules of Civil Procedure and the Local Rules of Practice for the
25  Eastern District of California.  To aid the court in the
26  efficient administration of this case, all counsel are directed
27  to familiarize themselves with the Federal Rules of Civil
28  Procedure and the Local Rules of Practice of the Eastern District

of California, and keep abreast of any amendments thereto.

XVIII.      Effect Of This Order.

        1.      The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

        2.      Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

        3.      Failure to comply with this order may result in the imposition of sanctions.


IT IS SO ORDERED.

Dated:    October 7, 2009                       /s/ Oliver W. Wanger
                                          UNITED STATES DISTRICT JUDGE